Smith, J.
On the 11th day of March, 1879, John B. Purcell, the Roman Catholic Archbishop of the diocese of Cincinnati, assigned to John B. Mannix all of his individual property for the benefit of his creditors, expressly excluding from the conveyance all property held by him in trust for others.
In 1880, Mannix, assignee, filed in the court of common pleas of this county his petition, under sec. 6351, of the revised statutes, ragainst Purcell and other persons asserting liens on the real estate described therein, and asking for its sale for the payment of the debts of his assignor, as property that passed to him by the deed of assignment. The petition further Alleged that Archbishop Purcell claimed that he held *60 such property only as trustee for others, and not in his own right.
Afterwards various persons, corporations and congregations of churches, were allowed by the court to become parties defendants, and they filed their several answers, averring that they were the beneficial owners of the property described in their answers, and that Archbishop Purcell-only held the title in trust for them.
On the issue thus made, the case was fully tried in the district court, into which it went by appeal. Several months were occupied in the hearing of the evidence and the argument of counsel, and the case was finally submitted to the court at the May term thereof, 1888, and the court, desiring further time for its consideration, it was retained for that purpose until the November term, 1883.
On the 4th day of July, 1883, after such submission to the court, Archbishop Purcell died, and by virtue of the provisions of his will, and the steps taken under it, William H. Elder, his successor in the archbishopric, also became his successor as trustee and holder of the legal title to the lands described in the petition of the plaintiff, unless they had passed to Mannix by the deed of assignment. No suggestion of the death of Purcell was entered of record, nor was the action revived as against Elder, though the fact of the death of Archbishop Purcell was known to the court, to counsel and to all of the parties. On the 3d day of December, 1883 (at the October term), the district court caused the judgment to be entered as of that day, finding that as to a part of the property Archbishop Purcell held it simply as a trustee, and that Man-nix as his assignee had no interest therein, while as to other parcels it was held that the assignee had an interest therein subject to sale.
On the --- day of December, 1884, Mannix filed in the district court his petition under the provisions of chap. 6, tit. 1, div. 4, revised statutes, providing for “ new trials and other relief after judgment after the term at which judgment was entered” (section 5354), asking the court for vacation of this judgment, on the ground that Purcell was dead at the time it was entered, and that no revivor of the action had been had. To *61 this petition he made Elder, and all of the other original parties, defendants.
Bishop Elder filed his answer thereto, submitting himself to the jurisdiction of the court, and consented that an order should be made confirming the original judgment, and making the same binding upon him and upon all parties. And similar answers were filed by the other defendants claiming to be cestui que trusts.
The district court, not having had time to dispose of the question thus raised before it ceased to exist, the case comes to the circuit court, as its successor, for decision.
Held: 1. That John B. Purcell in his life-time was a proper and necessary party to this original petition of the assignee for the sale of the real estate, as it appeared from the petition that he was asserting a title in opposition to that of his assignee; and that when it appeared to the court who the persons claiming to be the cestui que trusts were, that they should have been made parties defendant, as was done in this case.
2. On the death of Purcell before the rendition of the decree in the district court, it was necessary that the action be revived against the person claiming to be his successor in the trust, before the entry óf the judgment, and'that it was irregular and erroneous not to do so; with this exception to the rule, that where a case is fully submitted to a court for decision and held under advisement, the court may legally and properly, even at a future term, and though one or more of the necessary parties to the action may have died after such submission, cause its judgment to be entered by a nunc pro time order, as of the day and term that it was submitted to the court.
8. That this course last named not having been pursued in this case, but the judgment having been entered as of the day it was decided, and after the death of Purcell, and without any revivor, the same was irregular and erroneous, and not binding upon Elder as the successor of Purcell in the trust, if such existed. And as the estoppel of the judgment ought to be mutual and binding upon all the parties to the controversy, the judgment as to Man nix also was irregular and erroneous, and he can take advantage of it.
Geo. Hoadly and E. W. Kittredge, for Mannix, assignee.
T. D. Lincoln apd Wm. M. Ramsey, for Elder, and various defendants.
Judge Yaple, and Oliver & Benedict, for other defendants.
4. That when a party under such circumstances seeks a vacation or modification of a judgment, by the filing of a petition or motion under the provisions of the chapter referred to, or is made a party defendant to such proceeding, and submits himself to the jurisdiction of the court, the proceeding being simply ancillary to the original action, and in effect a continuation of it, such party is bound by any action the court may properly take in such proceeding, relating to the proceedings or merits of the action. Marsden v. Soper, 11 O. S., 503; Doty v. Knox Co. Bank, 16 O. S., 133; Watson v. Paine, 25 O. S., 346.
And the. defendant, Elder, having in this proceeding consented that the court should confirm the original judgment and make it binding upon him, it is authorized so to do; and when done, the only objection that the plaintiff in this proceeding makes to such judgment, is removed, and the error becomes an immaterial one, and the provisions of section 5115, of revised statutes, “ that the court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect,” apply to .this case.
5. The district court, of which this court is the successor, having practically passed upon the question raised in this case, and held, against the protest and exception of plaintiff, that the judgment could legally be entered, as was done, and would be binding upon the parties, though we are of a different opinion as to this; yet we think we ought not to make a different ruling in the same case, especially in view of the other reasons assigned, which in our opinion show that the error will be cured by a judgment in this case, which will bind the defendant, Elder, and, as a consequence, be binding upon all of the other parties thereto.
The prayer to vacate the judgment is therefore denied, and a judgment will be entered confirming the original judgment, and making it binding upon Elder.